IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERETT RAY HARKLESS,

            Plaintiff,

vs.                                            Case No. 20-3313-SAC

FNU YATES,

            Defendant.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to his incarceration at the Saline County Jail (SCJ). Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. <u>Plaintiff's complaint</u>

According to the complaint, on November 25, 2020 around 2:30 p.m., defendant Yates, a correctional officer, kicked plaintiff on his right lower leg causing an abrasion almost 7 and 1/2 inches long and almost 1 inch wide.  The wound was treated with band-aids and ointment, and with a large dressing some days later.  It is not clear, but it appears that plaintiff was in jail awaiting sentence at the time of his injury.

III. <u>Excessive force</u>

In the Tenth Circuit, the Eighth Amendment protects persons whose guilt has been adjudicated, but who await sentencing. <u>Berry v. City of Muskogee</u>, 900 F.2d 1489, 1493 (10th Cir. 1990).  Under the Eighth Amendment, the main inquiry when excessive force is alleged is whether force "'was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" <u>Serna v. Colo. Dep't of Corrs.</u>, 455 F.3d 1146, 1152 (10th Cir. 2006)(quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992)). A plaintiff must show: 1) that the alleged wrongdoing, done knowingly or recklessly, was objectively unreasonable and harmful enough to establish a constitutional violation, and 2) that the officials acted with a sufficiently culpable state of mind, that is deliberate indifference. <u>Id.</u>  Malicious and sadistic

3

intent may be inferred from the conduct itself where there is no legitimate purpose for the officers' conduct. Id.

Here, plaintiff has not alleged facts from which it can be determined whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically. To raise his allegations of a battery to a federal constitutional violation which may be heard in this court, plaintiff must submit an amended complaint setting forth additional facts to support a constitutional claim of excessive force. Plaintiff's conclusory allegations that defendant Yates kicked him and that this was cruel and unusual are insufficient to describe a cause of action under the Eighth Amendment. See Anderson v. Easter, 2020 WL 2306616 *2 (D.Kan. 5/8/2020)(citing cases); Lane v. Roberts, 2007 WL 3171501 *3 (D. Kan. 10/24/2007).

If plaintiff was not adjudicated guilty at the time of his alleged injury, then the Fourteenth Amendment applies because it protects pretrial detainees from the purposeful and knowing use of force that is objectively unreasonable. Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). This turns on the facts and circumstances of each particular case, including such factors as: 1) the relationship between the need to use force and the amount of force used; 2) the extent of the injury; 3) any effort made to temper or limit the amount of force; 4) the severity of any security problem at issue; 5) the threat reasonably perceived by

the officer; and 6) whether plaintiff was actively resisting. Id. at 397. These are factors the court could consider under the Eighth Amendment as well to determine whether the use of force was excessive. See id. at 402. Plaintiff's conclusory description of what happened, however, prevents the court from making a reasoned assessment of whether he has stated a plausible claim of an objectively unreasonable use of force.

IV. Conclusion

In conclusion, the court finds that the complaint is too conclusory and fails to state a claim for relief. The court shall grant plaintiff time until April 26, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court. If plaintiff files an amended complaint the court requests that he specify whether and when he pleaded guilty or was found guilty of the state court charge for which he was being detained on November 25, 2020, and when he was sentenced. The court requests the Clerk to transmit a copy of § 1983 forms to plaintiff along with a copy of this order.

**IT IS SO ORDERED.**

Dated this 25th day of March, 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge